# UNITED STATES DISTRICT COURT
## CLERK OF THE COURT

FILED
IN CLERKS OFFICE
2004 OCT 26 P 12:41
U.S. DISTRICT COURT
DISTRICT OF MASS

EDDO         VS.     Winn [WARDEN OF FMC DEVENS]
                     Bracey [DISCIPLINARY HEARING OFFICER]
**04-40223**         Larkin [COUNSELOR OF MASS UNIT]
                     Premisyl [COUNSELOR - G-UNIT]
                     Jenkensen [CASE MANAGER - G-UNIT]
                     Colon [S.I.S. Lieutenant]
                     Brown [S.O.S]

---

OLAKUNLE JOHNSON EDDO            )
REG # 50350-053                  )
FEDERAL MEDICAL CENTER DEVENS    )
P.O. BOX 879                     )
AYER, MA 01432                   )  RE: INCIDENT REPORT # 1238463.
10/22/04.                        )
         PETITIONER vs.          )
                  RESPONDENT     )
                                 )
CUSTODIAN, WARDEN DAVID L. WINN  )

RE: 'EMERGENCY' 28 USC §2241(C)(3): MOTION TO OVERTURN DHO SANCTIONS ASWELL AS IMMEDIATE TRANSFER.

Now comes, the petitioner Olakunle Johnson Eddo acting Pro-se to respectfully request that the above captioned DHO sanctions (decision) be overturned due to 'prejudice' and 'mis-handling of law', in the interest of justice and end of justice. The DHO, mr. Darren Bracey has changed the incident report from code (201) to code (299), thereby sanctioning the petitioner to 15 days (D.S.) aswell as 27 days loss of GCT. The petitioner shall now give the details

of the incident as follows:

On the 30th of May, 2004, the petitioner who sat and read newspaper in Oladokun's #21480-037 cell was jumped by inmate Alfonso Rios #10956-052. While Alfonso argued with another inmate the inmate called upon Oladokun to intervene (verbally). The petitioner then summoned Oladokun in his native language (Nigerian) to come back to the cell, that is when Alfonso threw a punch at the petitioner's head which he reflexively blocked.

Alfonso then signaled the petitioner to come into the bathroom which was nearby. At first the petitioner followed to let Alfonso know that he has no intention of fighting Alfonso but instead Alfonso tried to charge at the Petitioner while Oladokun held him back. That is when the petitioner learnt that Alfonso do not 'speak' nor 'comprehend' English.

Shortly after Alfonso left, he returned with atleast fifteen of his friends (Dominicans) and he held a long knife in his hand. Oladokun quickly stepped between us and told Alfonso that I do not intend to fight him. Alfonso kept summoning the petitioner to the bathroom while he held on to his knife. At one point, Alfonso dropped his knife mistakingly and Oladokun asked him to pick it up and leave but instead one of Alfonso's posse, Geronimo called the petitioner a 'child molester' and asked why Oladokun is looking out for petitioner. The petitioner quickly realized that inmate Geronimo was trying to bait him to come to the back-side where he could be easily jumped by his acomplices.

Later on around 2:30 p.m., while the petitioner and Oladokun stood in the common area by the telephone, the petitioner quickly noticed Alfonso and his posse approaching while Alfonso carried

3)

a pillow-case full of rocks. He swung the bag and hit Oladokun square in the head and knocked him unconscious. While Oladokun layed still on the floor, the other Dominicans started to hit Oladokun with locks. With everywhere blocked by these armed attackers and having nowhere to run, the petitioner tried to make a run for it pass Oladokun who still layed still. At that point, the petitioner noticed Alfonso lifting the heavy sack (full of Tar) and getting ready to crush Oladokun's head while he still layed unconscious so he jumped over the bag and Oladokun's head and held out his hands to plead with these inmates (barbarians) who spoke no English except a couple. Alfonso immediately let go of the sack and moved back thereby spilling big chunks of Tar everywhere. That is when the others picked up the loose Tar and started hauling them at the petitioner. While the petitioner ducked, the Dominicans rushed him at once and dragged him into the nearest cell and assaulted him. One inmate, Torres-Marquez #21202-0( was sitting on the table in the cubicle while he hugged the petitioner while others especially Alfonso kept attempting to bash the petitioner's head with big chunks of Tar. At one point the petitioner bit Torres-Marquez on the thigh so he could let go of him and that is when Alfonso came charging with another chunk of Tar at the petitioner. Since Torres-Marquez had just let go of the petitioner, he was able to maneuver and miss the charging Tar and that is when Alfonso grabbed the petitioner around the waist so that others could try to bash his head with the Tar. For fear of his life, the petitioner again bit Alfonso also on the back. Eventually Alfonso was

able to fracture the petitioner's arm with a chunk of tar that was aimed at the petitioner's head. Also, inmate Dari Rivera #21547-038 slashed the petitioner in the head which led to him losing a lot of blood. The attackers acted more like they were high on drugs or intoxicated. The petitioner was then able to get over the cubicle wall to escape the culprits.

During the entire incident, the duty officer was not present at his post and the door to the unit was locked so that deter anyone from leaving the unit in search of help. Finally, the ~~defend~~ petitioner noticed the duty officer returning to his post from outside so he approached him and informed him of what happened. The petitioner also revealed the bite marks which enabled the unit staff to conduct a strip-search and apprehended inmates Alfonso and Torres-Marquez. The entire incident took place right in front of the camera and in the end atleast fourteen inmates were arrested and placed under investigation. After returning from the hospital, petitioner was immediately placed in the SHU (housed alone for protection) pending investigation.

Now, five months later, the SIS lieutenant decided to charge the inmate (petitioner) with code (201) fighting because petitioner revealed he bit two inmates. The investigators sabotaged the investigation and ommited the important details thereby portraying the victims as the perpetrators. In support of this motion, the petitioner states the following below:

1) After the above said incident involving the assault on petitioner and Oladokun (whose case is also in this honorable court),

the petitioner thereafter filed BP. 8.5, 9, 10 and 11, pointing out the negligence by staff in allowing the amount of Tar (a pillow-case full) in the unit undetected. Remedy # 341599-R1.

2) On Aug 30, 2004, petitioner was presented with an 'administrative detention order' for fighting by SIS lieu. Colon following the appeal by petitioner (for negligence); blaming staff of negligence.

3) Lieutenant Colon and others named above decided to sabotage the investigation and cut loose most of the offenders that were initially placed in SEG except 6 of them. On 10/04/04, I was presented with a Code (201) for fighting six people by unit-team because Colon claimed I ended up biting two of my attackers during the assault on me. He contracted the video surveillance tape and pictures by stating that I got involved while inmate Oladokun was fighting. I explained to investigators that I had to bite two inmates while they had me pinned down in the cell while others assaulted me with stones (Tar). The perpetrators were stripped-searched and discovered following my revelation of the bite marks.

4) Inmate Oladokun was initially charged with fighting but he is yet to appear infront of the DHO since the court got involved. He testified on my behalf but the DHO presented Alfonso (who assaulted me) to testify against the petitioner (me), stating that he punched me and called me into the bathroom because I verbally intervened in his arguement with Oladokun. This testimony prompted the DHO to find me guilty of (299) code.

5) The DHO refused to allow me explain the detail (important) of the incident, only allowing a 'yes' and 'no' answer. He barked 'shut-up' many times using 'explitive' to the petitioner and Oladokun when he was called to testify on the petitioner's behalf. He also ignored the petitioner's written statement which the petitioner has asked the DHO to keep in the file for future reference.

6) While Alfonso testified against the petitioner, the DHO gave Alfonso scenarios rather than ask direct question. He was allowed to narrate longer explanation through the aid of an interpretor rather than a 'yes' or 'no'. The petitioner (victim) was treated as the assaulter while the culprit (Alfonso) was given a chance to testify against the victim (petitioner) in exchange for liniency.

7) DHO decided to convict the petitioner of code (299) which is conduct that disrupts the orderly running of institution where he infact didnot participate in any of the disturbances except that he was assaulted. He convicted the perpetrator of fighting and decided that the petitioner must have intervened in the arguement due to inmate Alfonso's testimony. He declined when petitioner requested that the DHO consult the video surveilance and pictures. The DHO informed the petitioner that he is guilty upon his arrival in the presence of the DHO before he was given a chance to explain.

8) While preparing to transport petitioner to the DHO for the



hearing, the officer informed the petitioner that he should pack his belongings-up and get ready to be transported to the disciplinary segregation. The defendant protested that the DHO hadn't heard him yet but the officer assured the petitioner that it has been decided that he is guilty and will be heading to the D.S. after the hearing.

9) The staff decided to sabotage the investigation to cover-up their negligence for fear of a law-suit. Petitioner already explained in the BP-10 to the region that the unit officer was not present at his post throughout the entire ordeal and the door to the unit was locked, detering the petitioner from leaving the unit at the time.

10.) The DHO has imposed a 15 day D.S. and 27 days loss of GCT for code (299) and refused to view any of the video surveilance nor pictures; stating that it is irrelevant.

11) Petitioner has suffered discrimination and partiality during the DHO hearing which was unjust. Petitioner has permanent scar on his head aswell as a crooked patched-up fractured left arm bone. The perpetrators has gotten away with lesser punishment. The entire evidence has been tampered with. (Sabotaged). But the evidence and facts remain on the unconsulted surveilance pictures.

Wherefore, for all the above reasons and in the interest of justice and at the end of justice, the honorable court should grant the above motion for petitioner and overturn the DHO decision and restore back sanctions taken. Petitioner furthe

request to be transfered for his safety and orderly running of institution since most of attackers her back on compound and the Dominican clan stick together.

RESPECTFULLY SUBMITTED 22ND DAY OF OCT. 2004.

P.S.
I am yet to receive my copy of the D.H.O.'s decision. Instead Mr. Colabero (G-UNIT MANAGER) warned me that it could take up to 30 days to deliver a copy to me after the hearing.

J.O. EDDO
OLAKUNLE J. EDDO
REG # 50350-053
FEDERAL MEDICAL CENTER
P.O. BOX 879
AYER, MA 01432.