UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
Olakunle Johnson Eddo, pro se       )
Petitioner,                         )
                                    )    Civil Action No. 04-40223 (RGS)
v.                                  )
                                    )
David L. Winn, *et al.*,            )
Respondents.                        )
_____)

**MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) and 12(b)(6)**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Respondent, David L. Winn[1], moves to dismiss this case for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. As discussed more thoroughly in the accompanying Memorandum of Law, the Petition is insufficient because: (1) the Petitioner has not exhausted all of his administrative remedies within the Bureau of Prisons, (2) he has not been denied any constitutionally protected Due Process rights, and (3) his request for transfer to another Bureau of Prisons facility is not a proper subject of a *habeas* petition as there is no protected liberty interest in being assigned to a particular institution.[2]

---

[1] The Petition also names six other respondents. It is well settled that the Warden of the institution where the Petitioner is currently being held is the only proper respondent in a *habeas* action. 28 C.F.R. § 2242-43; see Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994); Blango v. Thornburgh, 942 F.2d 1487 (10th Cir. 1991); United States v. Kennedy, 851 F.2d 689 (3d Cir. 1988); Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986); see also Rumsfeld v. Padilla, 124 S. Ct. 2711 (2004). Thus, the government respectfully requests that the Court amend the case caption to include only David L. Winn, the warden at FMC Devens, as respondent.

[2] As discussed in the Memorandum and Exhibit 1, the request for transfer is moot. As of December 8, 2004, Petitioner was transferred out of FMC Devens and is currently in holdover status at the Federal Transfer Center in Oklahoma. He is expected to be transferred to FCI Edgefield within the next week.

Wherefore, the government respectfully moves that this Court grant its Motion to Dismiss with prejudice.

                                                Respectfully Submitted,

                                                UNITED STATES OF AMERICA
By its attorney,

MICHAEL J. SULLIVAN
United States Attorney

By:      /s/ Eugenia M. Carris
Eugenia M. Carris
Assistant U.S. Attorney
1 Courthouse Way
Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: December 30, 2004

### CERTIFICATE OF SERVICE

I hereby certify that I have on this day caused a copy of the Motion to Dismiss Pursuant To Rules 12(b)(1) and 12(b)(6) to be served on the *pro se* plaintiff, Olakunle Johnson Eddo #50350-053 at FCI Edgefield, 501 Gary Hill Road, Post Office Box 723, Edgefield, South Carolina 29824, by first-class mail.

                                                /s/ Eugenia M. Carris
Eugenia M. Carris
Dated: December 30, 2004                            Assistant U.S. Attorney

### RULE 7.1 CERTIFICATION

The undersigned counsel requests that this court grant a waiver of her obligations under Local Rule 7.1 on the grounds that plaintiff is both *pro se* and incarcerated.

                                                /s/ Eugenia M. Carris
Eugenia M. Carris
Assistant U.S. Attorney

Dated: December 30, 2004