# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

OLAKUNLE JOHNSON EDDO,      )
                 Petitioner,      )
                                  )
                                  )          Civ. Action No. 04-40223-RGS
v.                                )
                                  )
DAVID L. WINN, et. al.,           )
                 Respondents.     )
                                  )

---

## DECLARATION OF ANN H. ZGRODNIK

I, Ann H. Zgrodnik, hereby make the following declaration:

1.  I am employed by the United States Department of Justice, Federal Bureau of Prisons, at the Federal Medical Center in Devens, Massachusetts (FMC Devens), as an Attorney Advisor. The legal office, from which I am located, is the Consolidated Legal Center - Devens. I have been employed at this position since approximately February 10, 2002.

2.  In order to perform my official duties as an Attorney Advisor, I have access to BOP records and databases regarding federal prisoners including, but not limited to, documentary records, inmate Judgment and Commitment files, and computerized records maintained on the Bureau of Prisons computerized data base, SENTRY.

3.  I have access to the various databases and files concerning administrative remedy claims filed pursuant to the Administrative Remedy Program, which are maintained by the Bureau of Prisons in the ordinary course of business. In particular, I have access to SENTRY, which maintains a record of all of the administrative remedies filed by an inmate, the dates thereof, and the dispositions. These records reflect every administrative remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal institution of the Bureau of Prisons.

4.  In order to exhaust all process under the Administrative Remedy Procedure for Inmates, an inmate must first attempt to informally resolve the dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 calendar days of the date that the basis of the complaint occurred. 28 C.F.R. §§ 542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R. §§ 542.14, 542.15. If the Regional Director denies the appeal, the inmate may appeal that

decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response. See 28 C.F.R. §§ 542.14 and 542.15. The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons General Counsel.

5.     On December 28, 2004, I ran a SENTRY search to determine if inmate Olkunle Eddo, Reg. No. 50350-053, had filed any administrative remedy claims under the Administrative Remedy Program in regard to the allegations in his Petition. Following a search of the indexes of all administrative remedies filed by inmate Eddo it was determined that he had not attempted to exhaust the highest level of administrative appeal on the issues addressed in the above captioned petition. My search revealed that on or about October 25, 2004, Petitioner submitted a Regional Administrative Remedy Appeal to the Northeast Regional Director in Philadelphia concerning the sanctions imposed by the Discipline Hearing Officer in incident report number 1238463 for committing a prohibited act on May 30, 2004. A true and accurate copy of the Administrative Remedy Generalized Retrieval screen for inmate Eddo is attached as **Document i**. On or about November 1, 2004, Petitioner filed a second appeal with the Northeast Regional Director on the same issue. Id. This appeal was rejected without a response, because Petitioner submitted more than one continuation page. Id. On or about November 1, 2004, the first appeal was voided as a second appeal for the same incident was submitted by the Petitioner. Id. On or about November 8, 2004, both appeals were returned to Petitioner and he was informed that he may resubmit one appeal with one continuation page within 10 days. Id. Since Petitioner did not properly file an appeal with the Northeast Regional Director, he has failed to exhaust his administrative remedies with respect to this issue.

6.     My SENTRY search also revealed that on or about July 3, 2004, Petitioner submitted a Request for Administrative Remedy with the Warden alleging that staff were negligent in allowing other inmates to assault him. A true and accurate copy of Request For Administrative Remedy, Case Number 341559-F1, and Response, is attached is **Document j**. Petitioner requested to be transferred to another institution. Id. In a response dated August 5, 2004, the Warden explained to Petitioner that the matter was referred to the appropriate authorities for investigation and action as appropriate. Id. Petitioner was also advised that he will remain in the Special Housing Unit until such time as it is determined that either he will be transferred to another facility or it is safe for him to return to the general population. Id. My search further revealed that on or about August 18, 2004, Petitioner appealed the Warden's response to the Northeast Regional Director. This appeal was denied on September 22, 2004. A true and accurate copy of Regional Administrative Appeal, Case Number 341599-R1, and Response, is attached as **Document k**. The administrative remedy index indicates that on or about October 22, 2004, Petitioner submitted a Central Office Administrative Remedy Appeal to the National Inmate Appeals Administrator challenging the Regional Director's response. See **Document i**. Records indicate that on or about November 16, 2004, Petitioner's appeal was rejected for failing to provide a copy of the institution administrative remedy request form or a copy of the

Page 2 of 4

response from the Warden. Id. Petitioner was informed that he may resubmit his appeal in proper form within 15 days of the date of the rejection notice and that each copy of the appeal form must be legible. Id. Petitioner was notified to make the correction and resubmit the appeal. Id. He was also informed that photocopies are not permissible. Id. Since the Central Office appeal was rejected for the reasons listed above, Petitioner has not exhausted his administrative remedies with respect to this issue.

7.    My SENTRY search further revealed on or about September 16, 2004, Petitioner submitted a Regional Administrative Remedy Appeal to the Regional Director regarding his legal mail. See **Document i.** On or about September 24, 2004, Petitioner's request was rejected by the Regional Director for failing to file a BP-9 request through the institution for the Warden's review and response before filing an appeal with the Regional Director. Id. Petitioner was further informed that the issue he raised is not sensitive and that he should file a request at the appropriate level via regular procedures. Id. Records further indicate that on or about October 12, 2004, Petitioner submitted a Request for Administrative Remedy with the Warden at FMC Devens regarding his legal mail. Id. On October 13, 2004, Petitioner's request was rejected by the Warden for failing to first submit his request through his counselor or other authorized person as he did not attempt to informally resolve the issue prior to submitting the administrative remedy. Id. Petitioner was also informed that he may resubmit his request in proper form within five days of the date of the rejection notice. Id. Records indicate that on or about November 24, 2004, Petitioner resubmitted a Request for Administrative Remedy with the Warden concerning his legal mail. A true and accurate copy of Request for Administrative Remedy, Case Number 354678-F2, and Response, is attached as **Document n.** Petitioner alleges that staff had mishandled his legal mail. Id. In a response dated December 9, 2004, the Warden denied Petitioner's request. Id. It was explained to Petitioner that the letter in question was stamped by mail room staff because the letter did not comply with the criteria of special mail as set forth in Program Statement 5265.11, Correspondence. Id. In addition, it was explained to Petitioner that he was informed by the Assistant Inmate Systems Manager that one of his letters was opened in error and that is why the letter had the notation on it. Id. It was further explained to Petitioner that the Assistant Inmate Systems Manager has not been informed of any additional errors by their department. Id. Petitioner was also informed that the investigation of his complaint revealed that there was no evidence that staff tampered and/or deliberately opened the letter. Id. Petitioner was advised that if he was not satisfied with this decision, then he may appeal to the Regional Director within 20 days of the date of the response. Id. Records indicate that Petitioner has not submitted an appeal to the Regional Director. See **Document 1i.** Since Petitioner has only filed an initial appeal with the Warden, he has not exhausted his administrative remedies regarding this issue.

8.    My SENTRY search also revealed that Petitioner has not filed an administrative remedy concerning his allegation that staff have retaliated against him. See **Document i.** Since Petitioner has not filed a single administrative remedy regarding retaliation by staff, he has not exhausted his administrative remedies with respect to this issue. Id.

9.    Attached hereto, please find true and correct copies of the following documents:

    a.    Public Information Data Sheet for Inmate Olakunle Eddo, Register Number 50350-053;

    b.    Administrative Detention Order dated May 30, 2004;

    c.    Administrative Detention Order dated August 30, 2004;

    d.    Incident Report Number 1238463;

    e.    Memorandum from SIS Lieutenant A. Colon, dated October 4, 2004;

    f.    Notice of Discipline Hearing Before The DHO, dated October 5, 2004;

    g.    Inmate Rights at Discipline Hearing, dated October 5, 2004;

    h.    Discipline Hearing Officer Report;

    i.    Administrative Remedy Generalized Retrieval Screen for inmate Olakunle Eddo, Register Number 50350-053;

    j.    Request for Administrative Remedy, Case Number 341559-F1, and Response;

    k.    Regional Administrative Remedy Appeal, Case Number 341599-R1, and Response;

    l.    Advisement of Incident Report Delay;

    m.    Memorandum For Central File from D. Bracy, Discipline Hearing Officer, dated November 5, 2004;

    n.    Request for Administrative Remedy, Case Number 354678-F2, and Response.


I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 28th day of December, 2004.

                                     Ann H. Zgrodnik
                                     Attorney Advisor
                                     Federal Medical Center
                                     Devens, Massachusetts

# DOCUMENT A

```
DEVCH          *        PUBLIC INFORMATION        *     12-23-2004
PAGE 001        *            INMATE DATA           *     13:28:13
                            AS OF 12-23-2004
```

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 030       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                   PHONE..: 405-682-4075    FAX: 405-680-4041
                                            RACE/SEX...: BLACK / MALE
FBI NUMBER.: 640487WA7                      DOB/AGE....: 01-14-1976 / 28
PROJ REL MT: GOOD CONDUCT TIME RELEASE      PAR ELIG DT: N/A
PROJ REL DT: 05-30-2017                     PAR HEAR DT:
--------------------------- ADMIT/RELEASE HISTORY ---------------------------

| FCL  | ASSIGNMENT | DESCRIPTION                | START DATE/TIME   | STOP DATE/TIME   |
|------|------------|----------------------------|-------------------|------------------|
| OKL  | A-BOP HLD  | HOLDOVER FOR INST TO INST TRF | 12-08-2004 1755 | CURRENT         |
| 7-F  | RELEASE    | RELEASED FROM IN-TRANSIT FACL | 12-08-2004 1855 | 12-08-2004 1855 |
| 7-F  | A-ADMIT    | ADMITTED TO AN IN-TRANSIT FACL | 12-08-2004 0908 | 12-08-2004 1855 |
| DEV  | TRANSFER   | TRANSFER                   | 12-08-2004 0908   | 12-08-2004 0908  |
| DEV  | A-DES      | DESIGNATED, AT ASSIGNED FACIL | 09-14-2004 0938 | 12-08-2004 0908 |
| DEV  | LOCAL HOSP | ESC TRIP TO LOCAL HOSP W/RETN | 09-14-2004 0800 | 09-14-2004 0938 |
| DEV  | A-DES      | DESIGNATED, AT ASSIGNED FACIL | 07-14-2004 0902 | 09-14-2004 0800 |
| DEV  | LOCAL HOSP | ESC TRIP TO LOCAL HOSP W/RETN | 07-14-2004 0742 | 07-14-2004 0902 |

G0002      MORE PAGES TO FOLLOW . . .

```
  DEVCH          *          PUBLIC INFORMATION          *      12-23-2004
PAGE 002          *             INMATE DATA             *      13:28:13
                             AS OF 12-23-2004

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 030          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                      PHONE..: 405-682-4075     FAX: 405-680-4041
DEV     A-DES        DESIGNATED, AT ASSIGNED FACIL  06-10-2004 1045 07-14-2004 0742
DEV     LOCAL HOSP   ESC TRIP TO LOCAL HOSP W/RETN  06-10-2004 0828 06-10-2004 1045
DEV     A-DES        DESIGNATED, AT ASSIGNED FACIL  04-29-2004 1503 06-10-2004 0828
A01     RELEASE      RELEASED FROM IN-TRANSIT FACL  04-29-2004 1503 04-29-2004 1503
A01     A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 04-29-2004 0815 04-29-2004 1503
ATL     HLD REMOVE   HOLDOVER REMOVED               04-29-2004 0815 04-29-2004 0815
ATL     A-HLD        HOLDOVER, TEMPORARILY HOUSED   04-28-2004 1815 04-29-2004 0815
A01     RELEASE      RELEASED FROM IN-TRANSIT FACL  04-28-2004 1815 04-28-2004 1815
A01     A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 04-28-2004 0930 04-28-2004 1815
OKL     HLD REMOVE   HOLDOVER REMOVED               04-28-2004 0830 04-28-2004 0830
OKL     A-HLD        HOLDOVER, TEMPORARILY HOUSED   03-29-2004 1750 04-28-2004 0830
2-D     RELEASE      RELEASED FROM IN-TRANSIT FACL  03-29-2004 1850 03-29-2004 1850
2-D     A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 03-03-2004 1202 03-29-2004 1850


G0002        MORE PAGES TO FOLLOW . . .
```

```
   DEVCH          *         PUBLIC INFORMATION          *      12-23-2004
   PAGE 003        *            INMATE DATA             *      13:28:13
                             AS OF 12-23-2004

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 030       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                   PHONE..: 405-682-4075    FAX: 405-680-4041
PRE-RELEASE PREPARATION DATE: 11-30-2016

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  05-30-2017 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 030 ----------------------

COURT OF JURISDICTION...........: VIRGINIA, EASTERN DISTRICT
DOCKET NUMBER...................: 1:03CR00409-001
JUDGE..........................: LEE
DATE SENTENCED/PROBATION IMPOSED: 01-30-2004
DATE COMMITTED..................: 04-29-2004
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

   G0002      MORE PAGES TO FOLLOW . . .
```

```
DEVCH           *          PUBLIC INFORMATION          *     12-23-2004
PAGE 004         *              INMATE DATA            *     13:28:13
                              AS OF 12-23-2004
```

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 030      ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                  PHONE..: 405-682-4075    FAX: 405-680-4041

```
                 FELONY ASSESS   MISDMNR ASSESS   FINES         COSTS
NON-COMMITTED.:  $100.00         $00.00           $2,500.00     $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  391
OFF/CHG: T21:841(A)(1)& 846-CS TO DIST 5 GRAMS OR MORE OF COCAINE BASE
         (SCHEDULE 11)(FELONY)

   SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:  188 MONTHS


   G0002      MORE PAGES TO FOLLOW . . .

```
  DEVCH          *         PUBLIC INFORMATION        *      12-23-2004
PAGE 005         *           INMATE DATA             *      13:28:13
                           AS OF 12-23-2004

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 030       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                   PHONE..: 405-682-4075   FAX: 405-680-4041
 TERM OF SUPERVISION............:    4 YEARS
 DATE OF OFFENSE................: 05-23-2003


------------------------CURRENT COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 10-21-2004 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

DATE COMPUTATION BEGAN..........: 01-30-2004
TOTAL TERM IN EFFECT............:   188 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    15 YEARS       8 MONTHS
EARLIEST DATE OF OFFENSE........: 05-23-2003

 G0002       MORE PAGES TO FOLLOW . . .
```

```
  DEVCH          *          PUBLIC INFORMATION          *      12-23-2004
PAGE 006          *            INMATE DATA              *      13:28:13
                              AS OF 12-23-2004

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 030          ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                      PHONE..: 405-682-4075    FAX: 405-680-4041

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     09-13-2003     01-29-2004

TOTAL PRIOR CREDIT TIME.........: 139
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 713
TOTAL GCT EARNED................: 27
STATUTORY RELEASE DATE PROJECTED: 05-30-2017
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 05-13-2019


PROJECTED SATISFACTION DATE.....: 05-30-2017

G0002        MORE PAGES TO FOLLOW . . .
```

```
  DEVCH          *        PUBLIC INFORMATION        *      12-23-2004
PAGE 007         *            INMATE DATA           *      13:28:13
                             AS OF 12-23-2004

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 030       ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                   PHONE..: 405-682-4075     FAX: 405-680-4041
PROJECTED SATISFACTION METHOD...: GCT REL




G0002      MORE PAGES TO FOLLOW . . .
```

```
    DEVCH         *          PUBLIC INFORMATION          *      12-23-2004
    PAGE 008       *             INMATE DATA              *      13:28:13
                              AS OF 12-23-2004

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: OKL / HOLDOVER FOR INST TO INST TRF

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  02-07-2000 VIA GCT REL

-----------------------PRIOR JUDGMENT/WARRANT NO: 020 -----------------------

COURT OF JURISDICTION...........: NEW YORK, EASTERN DISTRICT
DOCKET NUMBER...................: 95 CR 0178(SJ)
JUDGE...........................: JOHNSON
DATE SENTENCED/PROBATION IMPOSED: 06-28-1995
DATE SUPERVISION REVOKED........: 03-05-1999
TYPE OF SUPERVISION REVOKED.....: REG
DATE COMMITTED..................: 04-22-1999
HOW COMMITTED...................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED...............: NO

    G0002       MORE PAGES TO FOLLOW . . .
```

```
  DEVCH          *        PUBLIC INFORMATION       *    12-23-2004
  PAGE 009       *           INMATE DATA           *    13:28:13
                          AS OF 02-07-2000

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                   PHONE..: 405-682-4075   FAX: 405-680-4041


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

-------------------------PRIOR OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  392
OFF/CHG: SUPERVISED RELEASE VIOLATOR.  (ORIGINAL OFFENSE - IMPORTATION
         OF HEROIN.)

 SENTENCE PROCEDURE.............: SUPERVISED REL VIOLATION VCCLEA NON-VIOL
 SENTENCE IMPOSED/TIME TO SERVE.:   18 MONTHS
 CLASS OF OFFENSE...............: CLASS C FELONY
 DATE OF OFFENSE................: 10-05-1994


 G0002       MORE PAGES TO FOLLOW . . .
```

```
   DEVCH             *         PUBLIC INFORMATION          *      12-23-2004
PAGE 010             *           INMATE DATA               *      13:28:13
                              AS OF 02-07-2000

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                   PHONE..: 405-682-4075   FAX: 405-680-4041

-------------------------PRIOR COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 10-31-1999 AT RBK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

DATE COMPUTATION BEGAN..........: 03-05-1999
TOTAL TERM IN EFFECT............:    18 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     1 YEARS      6 MONTHS
EARLIEST DATE OF OFFENSE........: 10-05-1994

JAIL CREDIT.....................:    FROM DATE     THRU DATE

G0002      MORE PAGES TO FOLLOW . . .
```

```
  DEVCH            *          PUBLIC INFORMATION        *     12-23-2004
PAGE 011           *            INMATE DATA             *     13:28:13
                              AS OF 02-07-2000

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                   PHONE..: 405-682-4075    FAX: 405-680-4041
                                07-20-1997      07-20-1997
                                09-24-1997      09-24-1997
                                10-08-1998      10-10-1998
                                10-21-1998      03-04-1999


TOTAL PRIOR CREDIT TIME.........: 140
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 70
TOTAL GCT EARNED................: 70
STATUTORY RELEASE DATE PROJECTED: 02-07-2000
SIX MONTH /10% DATE.............: 12-22-1999
EXPIRATION FULL TERM DATE.......: 04-17-2000


  G0002       MORE PAGES TO FOLLOW . . .
```

```
  DEVCH          *          PUBLIC INFORMATION          *      12-23-2004
  PAGE 012       *              INMATE DATA             *      13:28:13
                              AS OF 02-07-2000

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 020       ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                   PHONE..: 405-682-4075    FAX: 405-680-4041
ACTUAL SATISFACTION DATE........: 02-07-2000
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: RBK
ACTUAL SATISFACTION KEYED BY....: JEC

DAYS REMAINING..................: 70
FINAL PUBLIC LAW DAYS...........: 0




G0002        MORE PAGES TO FOLLOW . . .
```

```
 DEVCH          *          PUBLIC INFORMATION          *     12-23-2004
 PAGE 013       *              INMATE DATA             *     13:28:13
                            AS OF 03-20-1996

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: OKL / HOLDOVER FOR INST TO INST TRF

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  03-20-1996 VIA GCT REL

----------------------PRIOR JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: NEW YORK, EASTERN DISTRICT
DOCKET NUMBER...................: 95CR0178(SJ)
JUDGE...........................: JOHNSON
DATE SENTENCED/PROBATION IMPOSED: 06-28-1995
DATE COMMITTED..................: 08-14-1995
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

             FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS

G0002       MORE PAGES TO FOLLOW . . .
```

```
 DEVCH            *          PUBLIC INFORMATION          *      12-23-2004
 PAGE 014         *             INMATE DATA              *      13:28:13
                                AS OF 03-20-1996

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                      PHONE..: 405-682-4075   FAX: 405-680-4041
NON-COMMITTED.:  $50.00          $00.00          $00.00          $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO        AMOUNT:  $00.00

-------------------------PRIOR OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  392
OFF/CHG: 21USC952(A) IMPORTATION OF HEROIN

 SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    20 MONTHS
 TERM OF SUPERVISION............:     3 YEARS
 DATE OF OFFENSE................: 10-05-1994


G0002      MORE PAGES TO FOLLOW . . .
```

```
    DEVCH          *        PUBLIC INFORMATION        *    12-23-2004
    PAGE 015       *           INMATE DATA            *    13:28:13
                            AS OF 03-20-1996

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                     PHONE..: 405-682-4075    FAX: 405-680-4041

-------------------------PRIOR COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 03-19-1996 AT ASH AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 06-28-1995
TOTAL TERM IN EFFECT............:   20 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    1 YEARS      8 MONTHS
EARLIEST DATE OF OFFENSE........: 10-05-1994

JAIL CREDIT.....................:  FROM DATE     THRU DATE

G0002      MORE PAGES TO FOLLOW . . .
```

```
   DEVCH          *          PUBLIC INFORMATION          *     12-23-2004
PAGE 016          *               INMATE DATA            *     13:28:13
                                AS OF 03-20-1996

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: OKL./ HOLDOVER FOR INST TO INST TRF
                   PHONE..: 405-682-4075   FAX: 405-680-4041
                            10-05-1994      06-27-1995


TOTAL PRIOR CREDIT TIME.........: 266
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 78
TOTAL GCT EARNED................: 78
STATUTORY RELEASE DATE PROJECTED: 03-20-1996
SIX MONTH /10% DATE.............: 01-28-1996
EXPIRATION FULL TERM DATE.......: 06-06-1996


ACTUAL SATISFACTION DATE........: 03-20-1996
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: ASH

 G0002       MORE PAGES TO FOLLOW . . .
```

```
   DEVCH          *        PUBLIC INFORMATION        *      12-23-2004
PAGE 017 OF 017 *            INMATE DATA             *      13:28:13
                          AS OF 03-20-1996

REGNO..: 50350-053 NAME: EDDO, OLAKUNLE JOHNSON
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: OKL / HOLDOVER FOR INST TO INST TRF
                   PHONE..: 405-682-4075   FAX: 405-680-4041
ACTUAL SATISFACTION KEYED BY....: JHA

DAYS REMAINING..................: 78
FINAL PUBLIC LAW DAYS...........: 0




G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

# DOCUMENT B

U.S. Department of Justice                 **Administrative Detention Order**
Federal Bureau of Prisons

_____

_____FMC Devens_____
Institution

Date/Time: ___05/30/04   7:00pm___

TO:       Special Housing Unit Officer (N-1)

FROM:   __J. Lavorato, Lieutenant_____, (Name/Title)

SUBJECT:   Placement of _Eddo, Olakunle_Reg. No. _50350-053_ , in Administrative Detention

_____(a)    Is pending a hearing for a violation of Bureau regulations;

_____(b)     Is pending investigation of a violation of Bureau regulations;

_____(c)    Is pending investigation or trial for a criminal act;

___XXX___(d)    Is to be admitted to Administrative Detention

_____(1)    Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

Inmate Signature/Register No.: _____

Staff Witness Printed Name Signature: _____

_____(2)    Since a serious threat exists to individual's safety as perceived by staff, although person has not requested admission; referral of
the necessary information will be  forwarded to the UDC/DHO for appropriate hearing.

_____(e)    Is pending transfer or is in holdover status during transfer.

_____(f)    Is pending classification; or Psychological Review

_____(g)    Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the
Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population

poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because*

_YOU ARE BEING PLACED IN ADMINISTRATIVE DETENTION PENDING SIS INVESTIGATION._____

_____

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The inmate received a copy

of this Order on (date/time)  __05/30/04 @ 7:30PM_____

Staff Witness Signature/Printed Name _P. Lyons, Acting Lieutenant_ /_____    Date   _05/30/04_

*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will make an independent review and decision, which is documented here.

cc:      Inmate Concerned (not necessary if placement is a result of holdover status)
         Captain
         Unit Manager
         Operations Supervisor - Administrative detention Unit
         Central File

_____

Sensitive Limited Official Use Only

# DOCUMENT C

BP-¢30(.05¸ **ADMINISTRATI** DETENTION ORDER CDFRM
MAY 94

# U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

_____

FMC DEVENS, MA 01432
Institution

Date/Time: August 30, 2004 4:00PM

TO       : Special Housing Unit Officer

FROM     : A. COLON/LIEUTENANT       , (Name/Title)

SUBJECT : Placement of EDDO, OLAKUNLE    (G-B), Reg. No.  50350-053   , in Administrative Detention

_____ (a)  Is pending a hearing for a violation of Bureau regulations;

  Xxx  (b)  Is pending investigation of a violation of Bureau regulations;

_____ (c)  Is pending investigation or trial for a criminal act;

_____ (d)  Is to be admitted to Administrative Detention (N1) Pending Psychology Review

        _____ (1) Since the inmate has requested admission for protection;

        I hereby request placement in Administrative Detention for my own protection.

                    Inmate Signature/Register No.: _____

                    Staff Witness Printed Name Signature: _____

Or there a real or threat exists to individual's safety as perceived by staff, although person has not request
referral of the necessary information will be forwarded to the UDC/DHO for
appropriate hearing.

_____ (e)  Is pending transfer or is in holdover status during transfer.

_____ (f)  Is pending classification.

_____ (g)  Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative D
              the Warden's designee.

You are being admitted into Administrative Detention for pending SIS/FBI investigation for fighting.
Therefore, the above named inmate is to be placed in Administrative Detention until further notice.  The inmate

copy of this Order on (date / time)  8-30-04 5:00PM

Staff Witness Signature/Printed Name D. REYNOSO/INTEL OFFICER _D. Reynoso____
In the case of DHO action, reference to that order is sufficient.  In other cases, the officer will make an in
review and decision, which is documented here.
needed Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy - Captain; Cop
Manager; Copy - Operation Supervisor - Administrative Detention Unit; Copy - Central File
(This form may be replicated via WP)                          Replaces BP-308(52) of JAN 88

_____

Sensitive Limited Official Use Only

# DOCUMENT D

BP-S288.052 INCIDENT REPORT (CM
MAY 1994
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

---

1. Name Of Institution: FEDERAL MEDICAL CENTER, DEVENS
                        Part I - Incident Report

| 2. Name Of Inmate<br>Eddo, Olakunle | 3. Register Number<br>50350-053 | 4. Date Of Incident<br>5-30-2004 | 5. Time<br>2:53PM |
|---|---|---|---|
| 6. Place Of Incident<br>GB Unit Common Area | 7. Assignment<br>Unassgned | 8. Unit<br>G-B | |

9. Incident Code    Fighting With Another Person                    Code - 201

---

11. Description Of Incident (Date: 7-08-2004   Time: 10:00am    Staff become aware of incident)
On 7-08-2004, at 10:00am, an SIS Investigation was completed regarding a fight in G-B unit.  The investigation revealed that on 5-30-2004, at 2:53p.m, you were involved in a fight with the following inmates: Jose Torres-Marquez, Reg. No. 21202-069, David Alphonse-Rios, Reg. No. 10956-052, Rafael Fernandez-Vasquez, Reg. No. 58704-053, Dari Rivera, Reg. No. 21547-038, Confidential Informant #255, and Confidential Informant #321.  Additionally during the course of the investigation you stated that when the above mentioned inmates were fighting with inmate Oladayo Oladokun, Reg. No. 21480-037 you responded to the fight and subsequently bit two inmates, later identified as inmates Alphonse-Rios and Torres-Marquez.  This was also verified by the SIS Surveillance camera and by confidential information.  Therefor you are being charged with code 201, Fighting with Another Person.

| 12. Signature Of Reporting Employee | Date And Time<br>7-08-2004<br>10:00AM | 13. Name And Title (Printed)<br>A. Colon, SIS Lieutenant |
|---|---|---|
| *[signature]* | | |
| 14. Incident Report Delivered To Above Inmate By<br>*[signature]* | 15. Date Incident Report Delivered<br>10/4/04 | 16.time Incident Report Delivered<br>755p |

Part II ~ Committee Action

---

17. Comments Of Inmate To Committee Regarding Above Incident
Inmate stated "I was dragged into A cell and my hand was broken and I was slashed in the head with a razer. I did bite 2 inmates one on the Thigh and one on the back only because they were sitting on me and Assaulting me.

18. A. It Is The Finding Of The Committee That You:
_____ Committed The Following Prohibited Act.

_____ Did Not Commit A Prohibited Act.

B. ✓ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.
C. _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days.

19. Committee Decision Is Based On The Following Information
Based on The seriousness of The charges The defers disposition To The DHO.

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)
The udc recommends D/s Time and Loss of GcT.

FOI EXEMPT

---

21. Date And Time Of Action 10/5/04  3:50PM  (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

S. Cutki. & B. Perkins          *[signature]*                    _____
Chairman (Typed Name/signature)   Member (Typed Name)         Member (Typed Name)

| PART III - INVESTIGATION | 22. DATE AND TIME INVESTIGATION BEGAN |
| --- | --- |
| | 10-04-04, 1955 |

23. INMATE ADVISED OF RIGHT TO REMAIN SILENT: YOU ARE ADVISED OF YOUR RIGHT TO REMAIN SILENT AT ALL STAGES OF THE DISCIPLINARY PROCESS BUT ARE INFORMED THAT YOUR SILENCE MAY BE USED TO DRAW AN ADVERSE INFERENCE AGAINST YOU AT ANY STAGE OF THE INSTITUTIONAL DISCIPLINARY PROCESS. YOU ARE ALSO INFORMED THAT YOU'RE SILENCE ALONE MAY NOT BE USED TO SUPPORT A FINDING THAT YOU HAVE COMMITTED A PROHIBITED ACT.

THE INMATE WAS ADVISED OF THE ABOVE RIGHT BY:___S. Darrah_____ AT (DATE/TIME) 10-04-04, 1955

24. INMATE STATEMENT AND ATTITUDE. Inmate Eddo #50350-053 was read and understood his rights.

Inmate Eddo stated, "I know that the video tape did not show me fighting or bitting any body. They dragged ne into the cell and one guy was sitting on me, all I could do was bite him. They were trying to hit me in the head with rocks and then slashed me in the head with a razor."

Inmate Eddo's attitude was fair.

25. OTHER FACTS ABOUT THE INCIDENT, STATEMENTS OF THOSE PERSONS PRESENT AT THE SCENE, DISPOSITION OF THE EVIDENCE, ETC.
(1) copy Administrative error memo
(1) copy of SIS investigative report
(6) copies of injury assessments
(26) copies of Photos

**SUSPENDED ON 7-08-04 PENDING FBI REFERRAL**
**ADMINISTRATIVE ERROR IN ISSUING INMATES'S COPY DUE TO FBI REFERRAL RESPONSE.**

26. INVESTIGATORS' COMMENTS AND CONCLUSIONS

It is this investigators conclusion that due to the statements in the body of this report and the supporting documentation the charges are valid.

27. ACTION TAKEN

Inmate Eddo is housed in SHU pending UDC.

DATE AND TIME INVESTIGATION COMPLETED;___10-04-04, 2045_____

PRINTED NAME/SIGNATURE OF INVESTIGATOR:                          ___S. Darrah_____
                                                                                                        PRINTED NAME

___S D_____                                                            ___Lieutenant_____
            SIGNATURE                                                                              TITLE

FOI EXEMPT

# DOCUMENT E



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center*

---

*Correctional Services*
*P.O. Box 880*
*Devens, Massachusetts 01432*

October 4, 2004

MEMORANDUM FOR: Lieutenant's Office/Investigating Lieutenant

FROM: A. Colon, SIS Lieutenant

SUBJECT: **Incident Report/Administrative Error Inmate Eddo, Olakunle,**
**Reg. No. 50350-053/Incident Report #1238463**

This memorandum is to give notification in the delay of inmate Eddo
copy of the incident report. Due to an Administrative error, the
incident report was written on 7-08-04, at 10:00am, but was suspended
pending FBI referral. The SIS office was notified on 10-4-04, by the
Federal Bureau of Investigations and the Assistant United States
Attorneys Office that it will no longer handled the case, and
referred back to FMC Devens for its internal disciplinary process.

# DOCUMENT F

BP-S294.052  NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO)  CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

|  | FMC DEVENS |
|--|--|
|  | Institution |
|  | 10-05-04 |
|  | Date |

TO: *Eddo Olakunlo*                    Reg. No.: *50350-05 3*

ALLEGED VIOLATION(S): FIGHTING

DATE OF OFFENSE: *7-8-04*            Code No.: 201

You are being referred to the DHO for the above charge(s).

The hearing will be held on: *TBA*    at *TBA*    (A.M./P.M.) at the following location:

You are entitled to have a full-time staff member represent you at the hearing.  Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) _____ (do not) _✓_ wish to have a staff representative.

If so, the staff representative's name is: _____

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety.  Names of witnesses you wish to call should be listed below.  Briefly state to what each proposed witness would be able to testify.

I (do) _✓_ (do not) _____ wish to have witnesses *SHer*

NAME: *Olaookun, 21480-036*    Can Testify to: *Inmate CHN Stated*
*That Q was Assualted.*

NAME:                           Can Testify to:

NAME:                           Can Testify to:

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s).  Repetitive witnesses and repetitive character references need not be called.  Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form.  Date, sign, and return this form to the DHO.

DATE: *10/5/04*    SIGNATURE: *X Jo con*

Notice of hearing before DHO given    *10-05-04*  by    S. LARKIN / *S. Larkin*
inmate                               *3:50 pm*
                                     Date/Time           Staff Printed Name/Signature

(This form may be replicated via WP)              Replaces BP-294(52) of JAN 88

# DOCUMENT G

BP-S293.052   **INMATE RIGHTS AT DISCIPLINE HEARING**   CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Institution:

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

    1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

    2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

    3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

    4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

    5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

    6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

    7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate's Name: _Eddo Olakunle_      Reg. No.: _50350-053_

Inmate Signature: x _J.O-Edoo_      Date: _10/5/04_

Notice of rights given to inmate(Date/time): _10-05-04_ _3:50pm_

by: _S. Larkin/_ _[signature]_
                   Staff Printed Name/Signature

(This form may be replicated via WP)          Replaces BP-S293(52) of JAN 88.

1

# DOCUMENT H

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94

**FEDERAL BUREAU OF PRISONS**

| INSTITUTION | FMC Devens | INCIDENT REPORT NUMBER | | 1238463 |
|---|---|---|---|---|
| INMATE NAME | EDDO, Olakunle | REG NO | 50350-053 UNIT | G |
| DATE OF INCIDENT | 05/30/04 | DATE OF INCIDENT REPORT | | 07/08/04 |
| OFFENSE CODE(S) | 299 (most like 201A and 224A) | | | |
| SUMMARY OF CHARGES | Conduct which disrupts or interferes with the security or orderly running of the institution (most like attempting/aiding/planning to fight or assault) | | | |

### I.  NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on

(date)  10/04/04       at (time)  1955    (by staff member)  S. Darrah, Lt.

B. The DHO Hearing was held on (date)    10/20/04      at (time)   1115

C. The inmate was advised of his/her rights before the DHO by (staff member):

S. Larkin, Counselor         on (date)     10/05/04        and a copy

of the advisement of rights form is attached.

### II.  STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes: | X | No: | |
|---|---|---|---|---|

B. Inmate requested staff representative and   N/A                          appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result

that:   N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

E. Staff representative statement:

N/A

### III.  PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

The Incident Report and Inmate Rights were read to inmate Eddo.  He then indicated he understood the charge, he understood his rights, and he was ready to proceed with the hearing.  Inmate Eddo was informed of a staff memorandum which explains the reason his Incident Report was not delivered to him until October 4, 2004.  Inmate Eddo was informed of the Advisement Of Incident Report Delay form dated October 5, 2004, which explains the reason his Unit Discipline Committee hearing was not conducted within the required three work days.  Inmate Eddo was provided with the opportunity to explain how the delay may have harmed his defense of the charge as indicated in section no. 11, of the Incident Report and supporting documentation.  Inmate Eddo indicated the delay did not harm his defense of the charge.  Inmate Eddo did not raise any procedural issues.

Inmate Eddo stated, "I went to inmate Oladokun's cell.  Inmate Oladokun was called out of the cell.  Inmate Alphonse argued with inmate Oladokun.  Inmate Alphonse did not come into the cell.  I stood up.  Inmate Alphonse just swung at me.  I blocked it (strike).

FOI EXEMPT

Inmate Oladokun intervened. He called me to the bathroom. I went to the bathroom. He charged at me. I grabbed a mop-wringer. Inmate Oladokun broke it up. Inmate Alphonse left, but came back with a knife and some of his friends. I told him, 'don't come near me.' Inmate Oladokun talked with him. Inmate Alphonse dropped the knife. They (inmate Alphonse and group) left. I stayed in inmate Oladokun's cell. I then went to my cell. I didn't consider telling staff. I went and stood near the phones (common area) with inmate Oladokun. They (inmate group) approached us. Inmate Alphonse hit inmate Oladokun with a weapon. He (inmate Oladokun) fell. I ran towards him (inmate Oladokun). I stood in the hallway. They (inmate group) drug me into the cell and attacked me. During the attack I bit someone."

Inmate Eddo presented a three-page written statement with floor map which is consistent with his verbal statement, and specifically states in part, "I never raised a hand to attack nor fight any of these guys."

| C. Witness(es): | | | | | |
|---|---|---|---|---|---|
| 1. The inmate requested witness(es). | Yes: | X | | No: | |

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

Inmate Oladokun, Reg. No. 21480-037, appeared at the hearing and in response to questions he stated, "Inmate Alphonse punched inmate Eddo in the face. I didn't see him and inmate Eddo confront each other after that. I didn't see inmate Eddo go tell staff. Inmate Alphonse left and came back about four minutes later with a weapon and other inmates. I told him to put the knife down. He dropped the knife. He told inmate Eddo to come to the bathroom. I picked it (knife) up and they left. I was talking to inmate Santana near the phones. Then about twenty inmates came towards me. I was hit in the back of the head."

Inmate Alphonse-Rios, Reg. No. 10956-052, appeared at the hearing at the request of the DHO, and in response to questions he stated, "I did not swing at inmate Eddo in the cell. I told him to 'go to the bathroom.' He got involved in an argument with (between) me and inmate Oladokun. We (inmate Eddo and I) fought and threw punches while inside the bathroom. He picked up a mop-wringer. I deny having a knife. That was the end of it (my confrontation) with him."

| 3. The following persons requested were not called for the reason(s) given. | | | | | |
|---|---|---|---|---|---|
| N/A | | | | | |

| 4. Unavailable witnesses were requested to submit written statements and those statements received were considered. | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

SIS Confidential Video Surveillance Tape (DEV-4-056-001); Written statement from inmate Eddo, Reg. No. 50350-053; and Chronological Disciplinary Record for inmate Eddo, Reg. No. 50350-053.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

FOI EXEMPT

| | | |
|---|---|---|
| | IV. FINDINGS OF THE DHO | |
| | A. The act(s) was committed as charged. | |
| X | B. The following act(s) was committed: | code 299 |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. | |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

Upon consideration of Section No. 11, of the Incident Report and supporting documentation; and statement of inmate, and inmate witnesses, the Discipline Hearing Officer (DHO) determined relevant evidence supports and describes code 299, Conduct which disrupts or interferes with the security or orderly running of the institution, rather than the reported code 201, Fighting with another person. Consequently, the DHO changed the code 201, to code 299.

The DHO finds there is sufficient evidence in section no. 11, of the Incident Report and supporting documentation to support the Prohibited Act Code 201, Fighting with another person. The DHO finds the conduct to be of High Severity, and most comparable to Prohibited Act Codes 201A, Fighting with another person (Attempting/Aiding/Planning); and 224A, Assaulting any person (Attempting/Aiding/Planning).

This finding is based upon the reported account of SIS Lieutenant A. Colon, who indicated an administrative investigation revealed that on May 30, 2004, at approximately 2:53 p.m., two different inmate groups that were present in G-Unit/Range-B, including inmate Eddo, Reg. No. 50350-053, engaged in fighting with each other. Specifically, Lieutenant Colon indicated inmate Eddo responded to initial fighting between other inmates through physical intervention which resulted in him biting another inmate. Additionally, Lieutenant Colon submitted supporting documentation which reflects inmate Eddo sustained significant injuries as a result of his involvement in the incident.

This finding is based upon the DHO's review of video surveillance tape/photographs of the reported incident which occurred in G-Unit/Range-B on May 30, 2004, at approximately 2:53 p.m. Specifically, the surveillance tape shows that immediately prior to the reported incident inmate Eddo, Reg. No. 50350-053, and inmate Oladokun, Reg. No. 21480-037, were standing in the common area of the unit in close proximity to the inmate telephones. Inmate Oladokun was then confronted by four inmates. Inmate Oladokun engaged in a verbal confrontation with these inmates, and subsequently one of these inmates struck him in the upper body, and others pursued and kicked him as he fell to the floor. The surveillance tape/photographs do not show any inmate confronting or attacking inmate Eddo at this time. The surveillance tape/photographs, however, show inmate Eddo responded by running directly towards the group of inmate assailants. It should be noted the Scheduled Inmate Movement was in progress immediately prior to, during, and following this incident, and numerous inmates were observed entering G-Unit/Range-B.

The DHO considered inmate Eddo's claim, "I went and stood near the phones with inmate Oladokun. They approached us. Inmate Alphonse hit inmate Oladokun with a weapon. He fell. I ran towards him. I stood in the hallway. They drug me into the cell and attacked me. During the attack I bit someone." The DHO considered inmate Eddo's written statement, which stated in part, "I never raised a hand to attack nor fight any of these guys." The DHO also considered the statement of the inmate witness, "I was talking to inmate Santana near the phones. Then about twenty inmates came towards me. I was hit in the back of the head."

FOI EXEMPT

The DHO, however, determined inmate Eddo did not provide sufficient evidence to refute the code 229. Specifically, the reporting officer's account of the incident is credible as written and is supported by video surveillance tape/photographs of the reported incident which clearly show inmate Eddo made a voluntary decision to physically intervene during a physical altercation involving other inmates. He contends he is an assault victim and he did not engage in any inappropriate behavior. The testimony of inmates Eddo, Oladokun, and Alphonse, however, clearly indicate that prior to the reported incident he was aware of a verbal disagreement between inmate Oladokun and inmate Alphonse, he was involved in at least two physical altercations with inmate Alphonse, and on one occasion he brandished a "mop-wringer." Therefore, he was reasonably aware of the potential for further conflict. Inmate Oladokun did not present evidence which indicates he sought or attempted to seek staff assistance either prior to or during reported incident. In contrast he admitted, "I didn't consider telling staff. I went and stood near the phones with inmate Oladokun," and "Inmate Alphonse hit inmate Oladokun with a weapon. He fell. I ran towards him." Based upon this information it is reasonable to conclude inmate Eddo made a voluntary decision to engage in a significant inmate disturbance. Consequently, the DHO determined he committed the code 299, based upon the greater weight of the evidence against him.

## VI. SANCTION OR ACTION TAKEN

Disciplinary Segregation: 15-days.
Disallow Good Conduct Time: 27-days.

## VII. REASON FOR SANCTION OR ACTION TAKEN

The above mentioned sanctions were imposed to impress upon inmate Eddo and others that conduct of this nature will not be tolerated at this facility, and to deter him and others from engaging in similar conduct in the future.

The sanctions of 15-days Disciplinary Segregation; and 27-days Disallow Good Conduct Time, are commensurate with the act committed (code 299) and were imposed to hold inmate Eddo responsible for his behavior. Engaging in group confrontations consistent with attempting/aiding/planning to fight with or assault others can lead to serious injury to all parties involved, and to staff, and may escalate into a major confrontation, thereby, threatening the security and orderly running of the institution.

## VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days following receipt of the DHO report under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

| | Yes | X | No | | |
|---|---|---|---|---|---|

## IX. DISCIPLINE HEARING OFFICER

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| D. Bracy | | 11/04/04 |

| Report delivered to inmate by: | DATE | TIME |
|---|---|---|
| | 11/04/04 | 3:45 p |

(This form may be replicated in WP)

Replaces BP-304(52) of JAN 88

FOI EXEMPT

# DOCUMENT I

```
    DEVBS        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      12-28-2004
    PAGE 001                                                          07:53:15
         FUNCTION: LST SCOPE: REG   EQ 50350-053   OUTPUT FORMAT: FULL_____
    -------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
    DT RCV: FROM _____    THRU _____    DT STS: FROM _____   THRU _____
    DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
    DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
    STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
    SUBJECTS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
    EXTENDED: _ REMEDY LEVEL: __ __        RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
    RCV  OFC : EQ ____
    TRACK:  DEPT: _____    _____    _____    _____    _____    _____
          PERSON: ___       ____       ____       ____       ____       ____
            TYPE: ___       ____       ____       ____       ____       ____
    EVNT FACL: EQ ____       ____       ____       ____       ____       ____
    RCV FACL.: EQ ____       ____       ____       ____       ____       ____
    RCV UN/LC: EQ _____    _____    _____    _____    _____    _____
    RCV QTR..: EQ _____    _____    _____    _____    _____    _____
    ORIG FACL: EQ ____       ____       ____       ____       ____       ____
    ORG UN/LC: EQ _____    _____    _____    _____    _____    _____
    ORIG QTR.: EQ _____    _____    _____    _____    _____    _____


    G0002       MORE PAGES TO FOLLOW . . .
```

```
  DEVBS          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      12-28-2004
 PAGE 002            *              FULL SCREEN FORMAT              *      07:53:15

 REGNO: 50350-053 NAME: EDDO, OLAKUNLE
 RSP OF...: OKL UNT/LOC/DST: HOLDOVER          QTR.; C02-412L   RCV OFC: LEX
 REMEDY ID: 94025-F1        SUB1: 19FM SUB2:       DATE RCV:   09-19-1995
 UNT RCV..: ANT            QTR RCV.: ADM DET       FACL RCV: LEX
 UNT ORG..: ANT            QTR ORG.: ADM DET       FACL ORG: LEX
 EVT FACL.: LEX     ACC LEV:                          RESP DUE:
 ABSTRACT.: DENIED HALFWAY HOUSE, ETC.
 STATUS DT: 09-19-1995  STATUS CODE: REJ STATUS REASON: INF
 INCRPTNO.:         RCT:    EXT:    DATE ENTD: 09-19-1995
 REMARKS..:




 G0002        MORE PAGES TO FOLLOW . . .
```

```
   DEVBS          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      12-28-2004
   PAGE 003         *           FULL SCREEN FORMAT               *      07:53:15

REGNO: 50350-053 NAME: EDDO, OLAKUNLE
RSP OF...: OKL UNT/LOC/DST: HOLDOVER            QTR.: C02-412L    RCV OFC: DEV
REMEDY ID: 341599-F1      SUB1: 10AM SUB2:      DATE RCV:    07-08-2004
UNT RCV..: G UNIT        QTR RCV.: Z04-422LAD   FACL RCV: DEV
UNT ORG..: G UNIT        QTR ORG.: Z04-422LAD   FACL ORG: DEV
EVT FACL.: DEV      ACC LEV: DEV  1 NER  1             RESP DUE:  TUE  08-17-2004
ABSTRACT.: REQUESTS TRANSFER FOR PROTECTION
STATUS DT: 08-05-2004   STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.:          RCT: P EXT: P DATE ENTD: 07-09-2004
REMARKS..:


                CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA
 DATE DUE          DEPARTMENT   TO    DATE ASSN    TRK TYPE    DATE RETURNED
FRI 07-16-2004     CORR SVC     MB    07-09-2004     INV        08-03-2004
WED 08-04-2004     EXEC ASST    MH    08-03-2004     INV        08-04-2004
THU 08-05-2004     CEO          DLW   08-04-2004     SIG        08-05-2004


 G0002       MORE PAGES TO FOLLOW . . .
```

```
   DEVBS          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      12-28-2004
   PAGE 004         *              FULL SCREEN FORMAT            *      07:53:15

REGNO: 50350-053 NAME: EDDO, OLAKUNLE
RSP OF...: OKL UNT/LOC/DST: HOLDOVER            QTR.: C02-412L   RCV OFC: NER
REMEDY ID: 341599-R1        SUB1: 10AM SUB2:    DATE RCV:   08-23-2004
UNT RCV..: G UNIT        QTR RCV.: Z04-422LAD   FACL RCV: DEV
UNT ORG..: G UNIT        QTR ORG.: Z04-422LAD   FACL ORG: DEV
EVT FACL.: DEV      ACC LEV:  DEV  1 NER  1          RESP DUE:  WED  09-22-2004
ABSTRACT.: REQUESTS TRANSFER FOR PROTECTION
STATUS DT: 09-22-2004  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:            RCT: P EXT:  DATE ENTD: 08-26-2004
REMARKS..:




G0002       MORE PAGES TO FOLLOW . . .
```

```
   DEVBS          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        12-28-2004
   PAGE 005          *              FULL SCREEN FORMAT            *        07:53:15

 REGNO: 50350-053 NAME: EDDO, OLAKUNLE
 RSP OF...: OKL UNT/LOC/DST: HOLDOVER             QTR.: C02-412L    RCV OFC: NER
 REMEDY ID: 352836-R1      SUB1: 33FS SUB2:       DATE RCV:   09-16-2004
 UNT RCV..: G UNIT       QTR RCV.: Z04-422LAD     FACL RCV: DEV
 UNT ORG..: G UNIT       QTR ORG.: Z04-422LAD     FACL ORG: DEV
 EVT FACL.: DEV    ACC LEV:                       RESP DUE:
 ABSTRACT.: LEGAL MAIL
 STATUS DT: 09-24-2004   STATUS CODE: REJ STATUS REASON: INS SEN
 INCRPTNO.:          RCT:   EXT:   DATE ENTD: 09-24-2004
 REMARKS..:



 G0002       MORE PAGES TO FOLLOW . . .
```

```
   DEVBS            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     12-28-2004
  PAGE 006           *              FULL SCREEN FORMAT              *     07:53:15

 REGNO: 50350-053 NAME: EDDO, OLAKUNLE
 RSP OF...: OKL UNT/LOC/DST: HOLDOVER              QTR.: C02-412L  RCV OFC: DEV
 REMEDY ID: 354678-F1        SUB1: 33FM SUB2:      DATE RCV:  10-12-2004
 UNT RCV..: G UNIT          QTR RCV.: Z02-221LAD   FACL RCV: DEV
 UNT ORG..: G UNIT          QTR ORG.: Z02-221LAD   FACL ORG: DEV
 EVT FACL.: DEV    ACC LEV:  DEV  2                    RESP DUE:
 ABSTRACT.:
 STATUS DT: 10-13-2004  STATUS CODE: REJ STATUS REASON: CON INF RSF
 INCRPTNO.:          RCT:   EXT:   DATE ENTD: 10-13-2004
 REMARKS..:



 G0002       MORE PAGES TO FOLLOW . . .
```

```
  DEVBS           *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      12-28-2004
  PAGE 007         *              FULL SCREEN FORMAT             *      07:53:15

REGNO: 50350-053 NAME: EDDO, OLAKUNLE
RSP OF...: OKL UNT/LOC/DST: HOLDOVER          QTR.: C02-412L   RCV OFC: BOP
REMEDY ID: 341599-A1      SUB1: 10AM SUB2:    DATE RCV:   10-22-2004
UNT RCV..: G UNIT         QTR RCV.: Z01-112LDS  FACL RCV: DEV
UNT ORG..: G UNIT         QTR ORG.: Z04-422LAD  FACL ORG: DEV
EVT FACL.: DEV      ACC LEV:  DEV  1 NER  1         RESP DUE:
ABSTRACT.: REQUESTS TRANSFER FOR PROTECTION
STATUS DT: 11-16-2004  STATUS CODE: REJ STATUS REASON: IRQ RSA OTH
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 11-16-2004
REMARKS..: EACH COPY OF THE BP-11 APPEAL FORM MUST BE LEGIBLE.
           PLEASE CORRECT AND RESUBMIT.  PHOTOCOPIES ARE NOT
           PERMISSIBLE.




G0002       MORE PAGES TO FOLLOW . . .
```

```
  DEVBS          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    12-28-2004
  PAGE 008         *            FULL SCREEN FORMAT            *      07:53:15

REGNO: 50350-053 NAME: EDDO, OLAKUNLE
RSP OF...: OKL UNT/LOC/DST: HOLDOVER          QTR.: C02-412L   RCV OFC: NER
REMEDY ID: 356779-R1      SUB1: 20DM SUB2:      DATE RCV:   10-25-2004
UNT RCV..: G UNIT          QTR RCV.: Z01-112LDS    FACL RCV: DEV
UNT ORG..: G UNIT          QTR ORG.: Z01-112LDS    FACL ORG: DEV
EVT FACL.: DEV     ACC LEV:                        RESP DUE:
ABSTRACT.: APPEALS 10/20/04 DHO FOR 299   1238463
STATUS DT: 11-08-2004  STATUS CODE: VOD STATUS REASON:
INCRPTNO.:          RCT:    EXT:   DATE ENTD: 11-01-2004
REMARKS..: 2ND APPEAL FOR SAME INCIDENT REPORT SUBMITTED;
           WE ARE RETURNING BOTH APPEALS; YOU MAY RESUBMIT
           1 APPEAL AND 1 CONT. PAGE WITHIN 10 DAYS.




G0002       MORE PAGES TO FOLLOW . . .
```

```
  DEVBS          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      12-28-2004
  PAGE 009        *              FULL SCREEN FORMAT            *      07:53:15

REGNO: 50350-053 NAME: EDDO, OLAKUNLE
RSP OF...: OKL UNT/LOC/DST: HOLDOVER          QTR.: C02-412L   RCV OFC: NER
REMEDY ID: 356779-R2      SUB1: 20DM SUB2:    DATE RCV:   11-01-2004
UNT RCV..: G UNIT        QTR RCV.: Z01-112LDS  FACL RCV: DEV
UNT ORG..: G UNIT        QTR ORG.: Z01-112LDS  FACL ORG: DEV
EVT FACL.: DEV    ACC LEV:                        RESP DUE:
ABSTRACT.: APPEALS 10/20/04 DHO FOR 299   1238463
STATUS DT: 11-08-2004  STATUS CODE: REJ STATUS REASON: ONE RSR
INCRPTNO.: 1238463   RCT:    EXT:   DATE ENTD: 11-08-2004
REMARKS..: 2ND APPEAL FOR SAME INCIDENT REPORT SUBMITTED;
           WE ARE RETURNING BOTH APPEALS; YOU MAY RESUBMIT
           1 APPEAL AND 1 CONT. PAGE WITHIN 10 DAYS.




G0002      MORE PAGES TO FOLLOW . . .
```

```
  DEVBS          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      12-28-2004
  PAGE 010 OF 010 *              FULL SCREEN FORMAT            *      07:53:15

REGNO: 50350-053 NAME: EDDO, OLAKUNLE
RSP OF...: OKL UNT/LOC/DST: HOLDOVER            QTR.: C02-412L   RCV OFC: DEV
REMEDY ID: 354678-F2        SUB1: 33FM SUB2:   DATE RCV:  11-24-2004
UNT RCV..: G UNIT        QTR RCV.: Z02-204LAD   FACL RCV: DEV
UNT ORG..: G UNIT        QTR ORG.: Z02-221LAD   FACL ORG: DEV
EVT FACL.: DEV     ACC LEV: DEV 2                    RESP DUE: TUE  12-14-2004
ABSTRACT.: LEGAL MAIL WAS OPENED
STATUS DT: 12-15-2004  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:              RCT: P EXT:   DATE ENTD: 11-30-2004
REMARKS..:


               CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA
  DATE DUE         DEPARTMENT    TO     DATE ASSN    TRK TYPE    DATE RETURNED
  TUE 12-07-2004   ISM           AA     12-01-2004    INV         12-08-2004
  WED 12-08-2004   EXEC ASST     MH     12-08-2004    INV         12-08-2004
  THU 12-09-2004   CEO           DLW    12-09-2004    SIG         12-09-2004


               9 REMEDY SUBMISSION(S) SELECTED
  G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

# DOCUMENT J

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | EDU    OLAKUNLE  J. | 50350-053 | G-UNIT | FMC DEVENS |
|-------|---------------------|-----------|--------|------------|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**  As Instructed by Unit Manager, Mr. Glabern to attach my BP-9 to the BP-8.5. I am informing you of the incidence that took place on the 30th of May at about 3:00 pm. in which inmate Oladokun #21480-067 and myself were brutally attacked by a mob of Dominicans out of G-UNIT. Their aim was to kill us by repeatedly aiming to smash my head with a pillow-case full of rocks (Tar) that apparently had been stored in the unit over a period of time unconfisticated by staff. I perceive this as a forsee-able negligence on the part of the correctional officer(s) that works the unit. I have sustained permanent scar (3cm) to my forehead from a razor cut aswell as a broken left arm as a result of the said incidence. I seek to be transferred. Thank you.

| 07/03/04 | J. OLEDU |
|----------|----------|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

RECEIVED
JUL 8 2004

|  |  |
|--|--|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 34599-F1

---

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |
|------|--------------------------------------|

BP-229(13)
APRIL 1982

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #341599-F1**

This is in response to your Request for Administrative Remedy in which you allege staff were negligent in allowing other inmates to assault you. As a remedy to this, you request to be transferred to another facility.

This matter has been referred to the appropriate authorities for investigation and action as appropriate. While this matter is under investigation you will remain in the Special Housing Unit until such time as it is determined that either you be transferred to another facility or it is safe for you to return to the general population of this facility.

This response is for informational purposes only.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, Northeast Region, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.

_____                    ___8/5/4_____
David L. Winn, Warden                                              Date

# DOCUMENT K

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __ELLO  OLAKINLE  J.__  __50350-053__  __G-UNIT__  __FMC DEVE...__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** Reporting negligence caused by staff at the above institution. On the 30th of may at about 3p.m., myself and inmate Oladokin #21480-067 were brutally attacked by a mob of Dominicans in G-UNIT. The attackers had apparently kept a pillow case full of Tar in the unit over a period of time that has now been used in assaulting me. I sustained a fractured bone on my left arm right below the wrist and a permanent scar on my head from a razor cut. The incidence (pillow case full of Tar) was captured on security camera and the Boston FBI was notified. The quantity of Tar used shouldn't have been in the housing unit undetected by staff. Furthermore, the duty officer was away from his post (the unit and his office) during the entire ordeal that lasted a while. I seek to be transferred and will also pursue compensation in the future. Please, document this complaint. Thank you.

__08/18/04__
DATE

__J.o Eyas__
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY

CASE NUMBER: __341599-R1__

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

USP LVN    DATE    Previous editions not usable    SIGNATURE, RECIPIENT OF REGIONAL APPEAL    BP-230(13)
APRIL 1982

**EDDO, Olakunle**
Reg. No. 50350-053
Appeal No. 341599-R1
Page One

## Part B - Response

In your appeal, you allege you were brutally attacked by several inmates in your housing unit at FMC Devens as a result of a staff member not being at his assigned post. You request to be transferred.

A review of your appeal revealed the incident in question has been referred to the proper agency for investigation. The investigation is still pending and will remain housed at your current institution until the investigation is completed and a determination has been made. Until that time, you will remain housed in administrative detention pursuant to Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>, as the Warden has determined your release to the general population at this time could jeopardize the security and orderly running of the institution. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: September 22, 2004

D. SCOTT DODRILL
Regional Director

# DOCUMENT L

## ADVISEMENT OF INCIDENT REPORT DELAY(S)

NAME:  EDDO, OLAKUNLE _____  REGISTER NO. #50350-053

In accordance with Program Statement, 5270.7, Inmate Discipline and Special Housing Units, and reason(s) for an incident report delay which would result in the occurring of the Unit Disciplinary Committee Hearing (UDC) beyond 3 working days following the time that staff became aware of the inmate's involvement in the incident, then, the delay should be documented in the Discipline Record and the inmate should be advised.

YOU ARE HEREBY NOTIFIED THAT YOUR UDC HEARING ON INCIDENT REPORT NUMBER:

# 1238463 _____  FOR THE CHARGE(S) OF: 201 FIGHTING WITH ANOTHER PERSON

HAS BEEN DELAYED FOR THE FOLLOWING REASON(S): The Incident report was suspended on

7-08-04 pending FBI referral.

_____          10/5/84
STAFF MEMBER / TITLE                                         DATE

In accordance with Program Statement, 5270.7, Inmate Discipline and Special Housing Units, you are hereby notified of the delay of your hearing beyond 5 working days. The delay has occurred for the following reasons(s): The Incident report was suspended on 7-08-04 pending FBI referral. Telephonic notification was received by the FBI on 10-04-04 releasing the pending referral, allowing the UDC to proceed with processing of the incident report.

_____          10/5/4
WARDEN                                                       DATE

Received by Inmate: _____  Date: _____10/5/04_____

cc:    Inmate
       Discipline Packet

FOI EXEMPT

# DOCUMENT M



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center, Devens*

_____

*DHO Office*                                    *P.O. Box 880*
                                                *Ayer, MA 01432*

November 5, 2004

MEMORANDUM FOR CENTRAL FILE

FROM:        D. BRACY, Discipline Hearing Officer

SUBJECT:     DHO/IR Report #1238463

As a result of a finding by the Discipline Hearing Officer, the inmate was determined to have committed the Prohibited Act Code 299. There was a delay in providing the inmate with a copy of the DHO report within 10-days. The delay was the result of caseload within the institution.

# DOCUMENT N

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | ELU OLARINLE J | 50350-053 | G-UNIT | FMC DEVENS |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** About the 21st of July, I received an appropriate legal mail from my attorney but it was stamped by ISM as not meeting criteria and then circulated through regular mail and thereafter handed to another inmate (Tladokun #21480-067) who returned it back to the officer and informed him of my location. Before this incident, my previous mail was claimed to be opened in error by ISM and now this negligent situation. I believe the staff deliberately tamper with my legal mail following the incident that occured in G-UNIT (No. 30) in which I have filed an appeal. I have written a BP 8-5 concerning my mail and despite consulting you (warden) and the unit manager, mr. Colabro, I am yet to receive a written reply. However, Mr. Amico (Assist. Manager ISM) came over and spoke with me concerning the matter and agreed with me that my mail did infact meet requirement and shouldn't have been opened. He also interviewed inmate Tladokun on the matter but has refused to give me a written reply. I also spoke with the head of ISM (undisclosed name) who also agreed with me and despite the fact that I asked him to have mr Amico reply my BP 8.5, I am yet to receive a reply in very well over 2 months now. Thank you.

| 09/30/04 | J. O. ERO |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

RECEIVED NOV 2 4 2004

RECEIVED OCT 1 2 2004 FMC DEVENS WARDEN'S OFFICE

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE**    CASE NUMBER: 354678-F1

CASE NUMBER: 354678-F2

**Part C- RECEIPT**

Return to:

| | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

USP LVN

BP-229(13)
APRIL 1982

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #354678-F2**

This is in response to your Request for Administrative Remedy in which you request staff be apprehended for the mishandling of your mail. You request this because you allege that your legal mail was stamped by ISM staff as not meeting the criteria for special mail handling and subsequently delivered to another inmate who returned your mail back to the officer for delivery to you. In addition, you claim that you previously had legal mail that was delivered to you opened with a remark on it stating opened in error.

Investigation of your complaint reveals the following: FMC Devens' policy pertaining to processing of "special mail" is consistent with First Circuit case law and is governed by Program Statement 5265.11, Correspondence. Pursuant to § 7©), "special mail" includes correspondence "received from the President and Vice President of the United States, attorneys, Members of the U.S. Congress, Embassies and Consulates, the U.S. Department of Justice (excluding the Bureau of Prisons but including U.S. Attorneys), other federal law enforcement officers, State Attorneys general, Prosecuting attorneys, governors, U.S. Courts (including U.S. Probation Officers), and State Courts."

Special mail "may be opened only in [an inmate's] presence to be checked for contraband." Id., § 9(b). However, "this procedure occurs only if the sender is adequately identified on the envelope and the front of the envelope is marked 'Special Mail - Open only in the presence of the inmate.' Other mail may be opened and read by the staff." Id. (emphasis added). Furthermore, "the inmate is responsible for advising any attorney that correspondence will be handled as special mail only if the envelope is marked with the attorney's name and an indication that the person is an attorney, and the front of the envelope is marked 'Special Mail - Open only in the presence of the inmate." Id., § 16(b).

The letter in question was stamped by mail room staff because the letter did not comply with the above criteria. As far as your letter being routed to another inmate, this was not able to be corroborated due to lack of evidence. However, the Assistant Inmate Systems Manager (AISM) did ensure that Officer's in the Special Housing Unit were reminded of the importance of properly delivering mail to the correct inmate.

In addition, you allege that you received a letter that was properly identified as Legal Mail that was opened in the mail room with a notation on the envelope opened in error. The Assistant ISM did in fact state that the letter was opened in error and that was why the letter had that notation on it. The Assistant ISM also informed you if this error continued to occur, to promptly bring it to his attention. As of this date, the ISM and AISM have not been informed of additional errors on behalf of their department which would suggest that the improper opening of your special mail has ceased. There is no evidence that staff opened your letter to deliberately tamper with your mail as you suggest.

Based on the information above, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office with 20 days of the date of this response.

_____          _____
David L. Winn, Warden                               Date    10/9/4