UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40223-RGS

OLAKUNLE JOHNSON EDDO, pro se

v.

DAVID L. WINN, et al.

<u>MEMORANDUM AND ORDER ON
RESPONDENT'S MOTION TO DISMISS</u>

February 28, 2005

STEARNS, D.J.

  Petitioner Olakunle Johnson Eddo was incarcerated at the Federal Medical Center in Devens, MA (FMC Devens) from April 29, 2004, until December 8, 2004.  On December 8, 2004, Eddo was transferred from FMC Devens.  According to a letter filing dated January 27, 2005, Eddo is now incarcerated at FCI Edgefield in Edgefield, South Carolina.  While at FMC Devens, Eddo filed an "Emergency 28 U.S.C. § 2241(c)(3) motion to overturn [Discipline Hearing Officer] sanctions as well as immediate transfer."  Eddo challenges a disciplinary finding that he had engaged in conduct which "disrupts or interferes with the security of the orderly running of the institution."  The finding involved a May 30, 2004 fight between Eddo and other inmates.  As punishment, the hearing officer sanctioned Eddo with fifteen days of disciplinary segregation and a loss of twenty-seven (27) days of good conduct time.

  Eddo alleges that he did not instigate the fight, but was the victim of an unprovoked assault.  According to Eddo, the hearing officer refused to let him fully explain his side of the story, ignored his written statement, and refused to review video surveillance tapes and

pictures of the incident. On October 28, 2004, Eddo filed this petition requesting that the court overturn the hearing officer's decision, revoke the sanctions, and order Eddo transferred to another institution for his personal safety.[1]

On December 30, 2004, Respondent, David Winn, moved to dismiss the petition on grounds that Eddo had failed to exhaust his administrative remedies with the Bureau of Prisons, that he had not been denied any constitutionally protected right to due process, and that he has no protected liberty interest in being assigned to a particular institution. Respondent's motion will be ALLOWED.[2]

Eddo seeks redress for the alleged failure of the hearing officer to provide him a "fair hearing," as a consequence of which he lost good conduct time credits. A federal prisoner arguably has a protected interest in seeing his sentence reduced for good conduct. See Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989). A habeas corpus petition brought pursuant to 28 U.S.C. § 2241 is the appropriate vehicle for challenging a forfeiture of good conduct time credits. Edwards v. Balisok, 520 U.S. 641, 645-646 (1997). See also Preiser v. Rodriguez, 411 U.S. 475, 485, 487 (1973) (the writ is "a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law" including circumstances in which the deprivation of good conduct time

---

[1] The latter request is moot, as Eddo has since been transferred to FCI Edgefield. The respondent's point is, however, well taken. See Dominique v. Weld, 73 F.3d 1156, 1160 (1st Cir. 1996).

[2] Eddo has asked the court to permit him additional time to oppose Respondent Winn's Motion to Dismiss as Eddo was in transit and housed temporarily at a facility in Atlanta prior to finally arriving at FCI - Edgefield. Eddo's Request is DENIED as the court has no subject matter jurisdiction over his habeas claim because of Eddo's failure to exhaust his administrative remedies (see supra).

credits would cause a prisoner to be held illegally beyond his conditional release date).

Eddo may not, however, bring a federal habeas claim without first exhausting his administrative remedies.[3] This is true even where the remedies available offer a prisoner less than full relief. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), stipulates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The PLRA's exhaustion requirement extends to available administrative appeals as well as primary grievance procedures. See Pozo v. McCaughtry, 286 F.3d 1022, 1023-1024 (7th Cir. 2002).

The Bureau of Prison offers a three-tiered appeals system for prisoner grievances. 28 C.F.R. § 542.10. After an initial appeal is heard inside the "offending" institution, a dissatisfied inmate must file an appeal with the Regional Director of the Bureau of Prisons. The final pre-judicial appeal is to made to the General Counsel of the Bureau of Prisons in Washington, D.C., within thirty days of the Regional Director's decision. 28 C.F.R. § 542.15. According to the respondent's submission, Eddo filed two appeals with improperly completed forms. These were returned to Eddo with instructions that he resubmit a single appeal "with one continuation page" to the Northeast Regional Director "within ten days." Eddo failed to do so. As Eddo has not exhausted his administrative remedies, this court is without jurisdiction to proceed to the merits of the petition.

---

[3]Exhaustion of remedies is an affirmative defense and is properly raised by the respondent in his motion to dismiss. See Casanova v. Dubois, 304 F.3d 75, 77 n.3 (1st Cir. 2002).

## ORDER

The petition for writ of habeas corpus is <u>DISMISSED</u> for want of jurisdiction.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE