THE UNITED STATES DISTRICT COURT
OF BOSTON, MASSACHUSSETTES.

JOHNSON OLAKUNLE EDDO, Pro-se
#50350-053
Petitioner

vs.

Winn, Warden
Bracey, Disciplinary Hearing Officer
Larkin, Counselor - G-UNIT
Premisyl, Counselor - G-UNIT
Jenkensen, Case-manager - G-UNIT
Colon, SIS Lieutenant
Braun, SIA

RE: CASE NUMBER: 4:04-CV-40223

## OPPOSING BRIEF TO COUNTER RESPONDENT'S 'MOTION TO DISMISS' AND TO SUPPORT PETITIONER'S 28 USC 2241 MOTION TO BE EXPEDITED

Comes now, the petitioner, Olakunle Eddo, acting pro-se, whom respectfully submit this opposing brief as a prisoner of the bureau of prisons and a United States citizen.

Contrary to the Respondent's allegation that; (1) the petitioner has not exhausted all of his administrative remedies within the Bureau of Prisons. The Petitioner maintains that he did try to exhaust his remedies to the region (BP-10) that was returned and rejected because petitioner decided to send another BP-10 'certified mail' and stressed in an attached letter that the first BP-10 be 'disregarded' because the

second one was more extensive and the petitioner also stressed that he is sending the second appeal "certified" because he was concerned that the institution might jeopardize his first BP-10 but instead the region ignored the attached letter and rejected both BP-10's. Initially, petitioner was given 5 days to respond from the day of response and he quickly returned the second BP-10 which he never did receive a receipt for.

Furthermore, petitioner has already proved that his mail were being tampered with in the "Amendment-motion" to the 28 USC 2241. Please, note that petitioner also wrote the region several times to acknowledge whether or not his BP-10 was received without any reply. Petitioner was then moved and placed en-transit from 8th of December till 26th of January, 2005. (2) Petitioner, has been denied is sixth ammendment rights. His legal mail has been tampered with and his appeal has been constantly stalled as you can clearly see.

(3) The petitioner agrees that his request for transfer to another Bureau of Prisons is not a proper subject of a habeas petition but he contends that he is requesting that the DHO decision and sanctions be overturned. Petitioner request that his 27 days of GCT be restored and that the incident report taken off his jacket.

The petitioner contends that all six other Respondents are responsible as the Warden because of their collaboration and their individual participation in the matter. They all knew and should have known but did nothing to make good

or correct judgement and decision but rather aimed at 'cover-up', therefore further jeopardizing petitioner (victim). Thus, Petitioner respectfully requests that the Court continue to include the Warden (Winn) and the six other respondents named in the case caption.

Petitioner will like to inform the Court that his custody level has been increased from a six to thirteen (medium) and he has been moved to FCI Edgefield which is supposedly a medium but is a former Penitentiary and still operates like one. Petitioner will like the Court to keep in mind that FMC Devens is a low and Petitioner was formerly a point away from being placed in a camp status until his custody level was increased to medium en-light of the incident in which he contends that he was a victim and not a perpetrator and that the petitioner didn't attempt to fight or assault anyone, nor any evidence that he instigated any fights. Again, the petitioner was not transferred within a week as the Respondent predicted but rather spent 2 months entransit via Oklahoma and Atlanta Penitentiary.

Wherefore, the petitioner ~~Respondent~~ respectfully moves that the honorable court disregard the 'motion to Dismiss' and that the Court overturn the DHO's decision and sanctions without prejudice.

On page 3, number (3) Respondent claims the DHO maintained that petitioner's biting two inmates is not consistent with self-defense. Petitioner however, objects that the DHO's ruling was based on opinion that petitioner 'verbally'

instigated the fight. Petitioner however contends that the DHO has 'substantial' evidence to support that claim that was made by the 'perpetrators'. Petitioner also will like to point out that if the DHO believed that his 'biting' two inmates was not consistent with self-defense then he would have found the Petitioner guilty of 201 (fighting charge) that was initially charged. Therefore, Petitioner claims that this claim made by Respondent is a 'misnomer'.

Petitioner was infact not able to defend himself but rather found himself trapped in a tiny cell (cubicle) surrounded by a group of inmates hauling rocks at him and attempting to kill him. Petitioner further maintains that he bit the two inmates out of fear for his life and that he wouldn't be alive today if not for biting these guys. That a man biting two men out of a group armed with 'Stones' is consistent with being a victim of an assault especially when the petitioner ends up with a broken arm and a razor slash across the forehead.

Petitioner will also like the court to keep in mind that he was the one who informed the officers of the 'teeth marks' on the perpetrators and that that was the only way the perpetrators were detected when every inmate in the unit were stripped search and checked for bite marks.

Petitioner will like to oppose the statement on page 4 B and briefly rebutt the Respondent's claim on this section. In relations to a DHO's decision or sanction, an inmate must go straight to the Bureau of Prisons Regional Director (BP 10)

and then followed by an appeal to General Counsel (BP-11). Petitioner has evidence to support the fact that he did file a BP-10 to the Regional Director which was sent back and petitioner was given only 5 days to re-submit which he did by handing legal mail to officer Washington (SHU officer) on the 12th day of October, 2004. Petitioner also wrote to the region several times to inquire about the whereabout of the BP-10 appeal but was constantly ignored.

On 10/12/04, Petitioner received the rejected BP-10(s) concerning the DHO appeal. The region claim that the BP-10 was denied because the petitioner attached a note with the BP-10 stating that the first one he sent should be disregarded and because the second is that he wasnot sure whether or not the institution at Devens tampered with the first BP-10 so he decided to mail the second BP-10 as a certified mail.

Petitioner will also like to point out that certain (important) documents concerning is appeal to this court has gone missing from his property without a trace, especially the documents pertaining to Ms Jenkensen (case manager) in regards to the exhibits included in the Amendment motion (Exhibits C1, 2, 3 and 4). Petitioner had mentioned that he handed Ms. Jenkensen the BP-9 to the Warden but had not since received a reply but the BP-9 coincidentally turned-up two days after the court received the Amendment. For some reason, the receipt of the said document which contain the date has turned out missing from my property.

Petitioner has noticed that there is no trace of any of the 'video surveilance' pictures nor petitioner's medical record and X-ray included in the respondents 'heavy' list of evidence (supporting).

Petitioner will like to ask the court to make an exception of 'exhaustion of remedies' due to the fact that Petitioner has not been allowed 'effective and administrative remedy steps'. It is a fact that the courts generally recognize an exception to the 'exhaustion' requirement where no timely and potentially effective administrative remedy exist.

Furthermore, the petitioner will like to point out that this motion is a 'complaint' (28 USC 2241) that request justice and correction and not a lawsuit (1331) seeking monetary damages. Therefore, this motion is exempt from the Booth vs Churner, which the Respondent cited in the motion to dismiss.

Again, Petitioner will like to point out that he has no control over the mail system (situation) while in the SHU at FMC Devens. He has no way of proving that he did submit any of this mail except the exhibits submitted in the Amendment (which proves the institution's contention). However, the institution has successfully 'covered-up' the entire propaganda.

Notwithstanding, I have faith in the legal system (courts) and I am respectfully asking this court to overturn the DHO's decision and sanction because the charge in itself was a 'misnomer'. There is no 'proof' that the petitioner

'instigated' any fight as claimed by the Respondents except the words of the 'perpetrators' being used against the 'victim' (petitioner). Petitioner, also respectfully ask the court to request the video tape of the incident and or the pictures.

Petitioner has realized that the perpetrators will get away with the offense they committed and he is not too concerned with that matter at this point in his life but rather plea with the court to 'overturn' the DHO's decision and sanctions and therefore, reinstate petitioner's good-time (27 days) and also take the 'incident-report' off his jacket in-order to clear his conduct.

### AFFIDAVIT

I, Olakunle Johnson Eddo, declare that the foregoing is true and correct to the best of my knowledge, information and belief and that any false statements made therein are made subject to the penalty of perjury 28 USC § 1746.

02/22/05
DATE

J.O Eddo
SWORN