UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40223-RGS

OLAKUNLE JOHNSON EDDO, pro se

v.

DAVID L. WINN, et al.

<u>MEMORANDUM AND ORDER ON
PETITIONER'S MOTION FOR A STAY</u>

STEARNS, D.J.

Petitioner Olakunle Johnson Eddo was incarcerated at the Federal Medical Center in Devens, MA (FMC Devens) from April 29, 2004, until December 8, 2004.  While at FMC Devens, Eddo filed an "Emergency 28 U.S.C. § 2241(c)(3) motion to overturn [Discipline Hearing Officer] sanctions as well as immediate transfer."  Eddo challenges a disciplinary finding that he had engaged in conduct which "disrupts or interferes with the security of the orderly running of the institution."[1]

On December 8, 2004, Eddo was transferred from FMC Devens to FCI Edgefield in Edgefield, South Carolina.   On February 28, 2005, this court dismissed the petition on grounds that it is without jurisdiction to proceed to the merits of the claim as Eddo had failed to exhaust his administrative remedies with the Bureau of Prisons (BOP).  <u>See</u> 42

---

[1]The finding involved a May 30, 2004 fight between Eddo and other inmates.  As punishment, the hearing officer sanctioned Eddo with fifteen days of disciplinary segregation and a loss of twenty-seven (27) days of good conduct time.

U.S.C. § 1997e(a).[2]

Apparently Eddo earlier filed two internal BOP appeals with improperly completed forms.  Eddo asks the court, by letter filed here on March 28, 2005, "to grant a grace period in order to exhaust his administrative remedies with the Bureau of Prisons."  This "motion" is ALLOWED.  Cf. Rhines v. Weber, ___U.S. ___, 2005 WL 711587 (U.S. March 30, 2005) (a district court has discretion to stay a mixed petition for habeas relief to allow a petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition.)  The grace period in which Eddo can resubmit his BOP appeal shall run for sixty (60) days from the date of this Order.  The court directs the Assistant United States Attorney assigned to this case to provide Eddo, within fourteen (14) days of this Order, with the "exact regional location in which the appeal should be directed" (as per Eddo's request) in light of his new BOP assignment.

### ORDER

The petitioner's motion for a grace period to resubmit his administrative appeal is ALLOWED as provided in this Order.

SO ORDERED.

/s/ Richard G. Stearns

_____

---

[2]The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), stipulates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The PLRA's exhaustion requirement extends to available administrative appeals as well as primary grievance procedures.  See Pozo v. McCaughtry, 286 F.3d 1022, 1023-1024 (7th Cir. 2002).

UNITED STATES DISTRICT JUDGE