OLAKUNLE JOHNSON EDDO
Register No. 50350-053
F.C.I. EDGEFIELD
P.O. BOX No. 725
EDGEFIELD, S.C. 29824

OFFICE OF THE CLERK           *       SEPTEMBER 22nd. 2005
U.S. DISTRICT COURT           *
1 COURTHOUSEWAY, SUITE 2300   *       RE: EDDO VS WINN et al,
BOSTON, MA 02210              *       (Civil action #04-
                              *       40223-RGS)09/18/05

Comes now the petioner, Olakunle Johnson Eddo,(once again) acting pro se, to respectfully submit his exhausted Administrative Remedies, which are attached therein, with replies. Petitioner will also like to add on to his concluding thought, and facts in this matter to the best of his ability.

On the DHO's report it contends that he based his decision upon section 11 of the incident report that stated that petitioner responded to the fight between Oladokun #21480-037 and other inmates. It also states that petitioner subsequently bit two inmates and that it was verified by SIS SERVEILLANCE CAMERA.

Petitioner, however contends that a fight did not ensue between inmate Oladokun and the assailants, but that he was instead attacked and victimized by the group. Petitioner also maintains that the inmates came after himself and Oladokun but that Oladokun did get hit first and fell, and that he saved Oladokun's life when he jumped over the bag full of stones which inmate Alfonse-Rios was getting ready to crash into the faint man's head. Petitioner continues to describe that the surveillance camera couldn't have shown him biting two inmates while he was being assaulted in the cubicle by several

(1)

Administrative Remedy No. 356779-A2
Part B - Response

You appeal the October 20, 2004, decision of the Discipline Hearing Officer (DHO) in which you were found to have committed the prohibited act of Conduct Which Disrupts or Interferes With the Security or Orderly Running of the Institution (code 299) most like Fighting With Another Person - Attempting/Aiding/Planning (code 201A) and Assaulting Any Person - Attempting/Aiding/Planning (code 224A). Specifically, you contend you were a victim of an assault by other inmates. You request expungement of the incident report.

Our review of your disciplinary proceedings indicates substantial compliance with Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>. The DHO's decision was based upon the greater weight of the evidence as detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination. Records indicate you appeared before the DHO, were advised of your rights, and made a statement. The DHO gave greater weight of the evidence to the reporting officer's account of the incident. Although you dispute the charge, the evidence is sufficient to support the finding.

The DHO provided, in Section V of the DHO report, a comprehensive description of the specific evidence relied upon to support the determination that you committed the prohibited act. The DHO determined that your actions were disruptive in that you engaged in assaultive and physically confrontational behavior with other inmates.

Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the DHO's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

Your appeal is denied.

August 31, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: _____
        LAST NAME, FIRST, MIDDLE INITIAL                REG. NO.            UNIT            INSTITUTION

**Part A—REASON FOR APPEAL**

_____          _____
DATE                                       SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____          _____
DATE                                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                    CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL                REG. NO.            UNIT            INSTITUTION

SUBJECT: _____

_____     _____
DATE                         SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

UP LVN                        Previous editions not usable

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: EDDO, OLAKUNLE, J.    50350-053    A1    FCT EDGEFIELD
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**

This is in regards to a DHO sanction that was imposed on the 20th of Oct., 2004, concerning an incident that took place on May 30th, 2004, in which I was assaulted by a group of inmates armed with stones. Mr. Bracey found me guilty of conduct that disrupts the orderly running of institution (code 299) based on the testimony of inmates who assaulted me in exchange for liniency. I contend that I was not allowed a proper hearing and that Mr. Bracey refused to view my written statement. The inmate's statement that I verbally communicated something that caused him to attack me was not true. However, I see no justification in an inmate assaulting another based on verbal conversation. I request that the decision be overturned and restoration of my G.C.T without prejudice. Thank you. (Took place at FMC DEVENS, MASSACHUSSETT)

04/20/05                                    J.O EDDO
DATE                                        SIGNATURE OF REQUESTER

**Part B—RESPONSE**

APR 25 2005

MAY - 9 2005

DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: 356779

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

BP-230(13)

Regional Administrative Remedy Appeal No. 356779-R4
PART B - RESPONSE

This is in response to your Regional Administrative Remedy Appeal receipted May 9, 2005. You appeal the actions of the Discipline Hearing Officer (DHO) on October 20, 2004, finding you committed the prohibited act of Conduct which Disrupts or Interferes with the Security or Orderly Running of the Institution, Code 299, most like Fighting with Another Person, Attempted, Code 201A. You request the incident report be expunged and your good conduct time be restored.

On review, it appears the DHO substantially complied with Bureau regulations, based the decision on the greater weight of the evidence, and imposed appropriate sanctions. Specifically, you contend the DHO failed to view or consider a written statement you provided during the proceedings. Review of the discipline packet revealed the DHO considered your written statement and this is evidenced by his notation of your written statement in Section V of his DHO report. You complain you did not commit the prohibited act. You also complain the DHO based his decision on statements provided by your assailants. Program Statement 5270.07, Inmate Discipline and Special Housing Units, provides the DHO shall consider all evidence presented at the hearing. The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. The DHO considered your denial of the charge and the statements provided by witnesses. The DHO found you committed the prohibited act based on the greater weight of the evidence which was the reporting officer's statement. The DHO adequately explained to you the specific evidence relied on to find you committed the prohibited act, and we find no need to elaborate further.

We find the required disciplinary procedures were substantially followed, the evidence supports the DHO's finding, and the sanctions were appropriate for the offense. incident.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

5/24/2005
Date

Michael A. ___
Regional Director, SERO